IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES KEELS, JR., #039000, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1865-M |
| | ) | ECF |
| JUDGE JOHN H. JACKSON, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a *pro se* county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Navarro County Jail in Corsicana, Texas. The Court did not issue process in this case pending preliminary screening.

Statement of Case: The complaint alleges violations of his speedy trial rights under the Interstate Agreement on Detainers Act. (Complaint at 4). Plaintiff alleges that on November 4, 2005, he filed a demand for speedy trial in connection with a state charge pending against him in Navarro County. (*Id.*). On September 27, 2006, Judge Jackson denied Plaintiff's request because the federal Interstate Agreement on Detainers Act does not apply to state courts. He then set Plaintiff's criminal case for trial on October 2, 2006. (*Id.* and attachment). Plaintiff

concedes that he was recently convicted and sentenced to fourteen years imprisonment in Navarro County. (Complaint at 4). He requests this Court to order that his criminal case be "remanded to Co[unty] Court with order to dismiss." (*Id.*).

Findings and Conclusions: This Court has granted Plaintiff's motion for leave to proceed *in forma pauperis*. Before screening Plaintiff's complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Plaintiff requests that his recently imposed fourteen-year sentence be remanded to Navarro County with instruction to dismiss. Such a request is not cognizable in this civil action.

The Court notes that insofar as Plaintiff requests reversal of his conviction and release from confinement because of speedy trial violations, his claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of

habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

To maintain a habeas corpus action a plaintiff/petitioner must exhaust his state remedies. See 28 U.S.C. § 2254(b). As reflected in the complaint, Plaintiff was recently convicted and sentenced to fourteen years imprisonment. As a result, he has not had sufficient time to exhaust his state court remedies by "fairly presenting" all of his claims to the highest state court for review, either by filing a direct appeal or a state application for state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985). Accordingly, the complaint -- construed as a petition for a writ of habeas corpus -- should be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies. See 28 U.S.C. § 2254(b).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed for want of jurisdiction.

It is further recommended that Plaintiff's complaint, construed as a petition for a writ of habeas corpus, be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies.  See 28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of October, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.